IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| DEMETRIE LOWERY, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | Civil Action File No. |
| | : | **1:05-CV-179 (WLS)** |
| DONALD BARROW, Warden, | : | |
| | : | |
| Respondent. | : | |

## RECOMMENDATION

Presently pending in this *pro se* prisoner *habeas corpus* action is petitioner's motion to stay the action pending the exhaustion of state court remedies. (Doc. 5).

Petitioner states that he filed a petition for state Habeas corpus relief in November of 2005 in Wilcox County, Georgia.  Petitioner admits that on the same date, he filed a petition for federal habeas corpus relief in the Northern District of Georgia, which was subsequently re-assigned to the Middle District of Georgia and became the instant petition.

While petitioner requests that this matter be held in abeyance until such time as his state court petition is determined, it would appear that a dismissal of this action without prejudice to petitioner's right to refile would be more appropriate given the fact that he admits he filed the state and the federal petitions on the same date.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) was signed into law on April 24, 1996.  Section 2254 of the AEDPA provides as follows:

   (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to
   the judgment of a State court shall not be granted unless it appears that--
      (A) the applicant has exhausted the remedies available in the courts of the
      State; or

      (B)(I) there is an absence of available State corrective process; or
      (ii) circumstances exist that render such process ineffective to protect the rights of
      the applicant.
(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
4) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

    Therefore, it is the RECOMMENDATION of the undersigned that petitioner's motion to stay be **DENIED, and the petition be DISMISSED without prejudice** to petitioner's right to refile the same once he has in fact exhausted state remedies. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 3rd day of August, 2006.

                                //S Richard L. Hodge
                                RICHARD L. HODGE
                                UNITED STATES MAGISTRATE JUDGE

msd